UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60171-CIV-COHN/Seltzer

BRANDON M BUSLEPP, an individual,
on behalf of himself and all others
similarly situated,

Plaintiff,,

vs.

IMPROV MIAMI, INC.,

Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 6] and

Plaintiff's Response in Opposition [DE 8].  The Court has carefully considered the filings

in this action and is otherwise fully advised in the premises, including the lack of a reply

memorandum filed by the deadline of April 19, 2012.

## I. BACKGROUND

Plaintiff Brandon Buslepp ("Plaintiff") filed this class action for violations of the

Telephone Consumer Protection Act ("TCPA").  Plaintiff alleges that Defendant Improv

Miami, Inc., which promotes and hosts events at its comedy nightclub located in Miami,

sent unsolicited commercial text calls to potential customers using an automatic

telephone dialing system and without prior express consent, in violation of 47 U.S.C. §

227(b)(1)(A)(iii).[1]  Plaintiff received an unwanted commercial text message from

Defendant in December of 2011.  Compl., ¶ 18.  The specific text language is recited in

---

[1]  Count I alleges negligent violations of § 227(b)(1)(A)(iii), while Count II alleges
willful violations of the same provision.

paragraph 18 of the Complaint.  Upon information and belief, Plaintiff alleges that identical text messages were sent to Plaintiff and other putative class members by Defendant using an automatic telephone dialing system.  Compl., ¶ 20.  Plaintiff further alleges that all the text messages were sent from short code "82257," which is owned, assigned, leased, operated or otherwise used by Defendant or its agents for marketing purposes to encourage recipients to purchase of goods or services at Defendant's business.  Id., ¶ 21.  In his class action allegations, Plaintiff alleges that more then forty-one (41) individuals are in the class.  Id., ¶ 25.

Defendant moves to dismiss the Complaint for failure to state a claim because Plaintiff failed to allege that he was charged for the call.  Defendant also contends that a class action is not allowed under the TCPA.  Plaintiff opposes the motion.

## II.  DISCUSSION

Pursuant to the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are

entitled to an assumption of truth.

Defendant contends that Plaintiff has simply recited elements required by the TCPA but fails to allege that he was charged for the text call and suffered actual injury. Upon a review of the complaint, Plaintiff does allege that he was called in December of 2011 from a specific short code, and that he did not give prior consent for the call, having never done business with Improv Miami. The fact that Plaintiff does not identify the specific telephone number called or the identities of the putative class members is not fatal under Twombly and Iqbal. Plaintiff has alleged the date and content of the text message, and that numerous other persons received the same text to their cell phones. These factual allegations are sufficient to meet plaintiff's obligation to provide the grounds of his entitlement to relief, and provide sufficient notice to Defendant to answer the complaint.[2] At least one published district court decision, Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010), reached a similar conclusion based upon similar allegations.

Defendant also contends that the TCPA requires an allegation that the called party was charged. Plaintiff argues that § 227(b)(1)(A)(iii) is phrased with the disjunctive "or" separating various clauses. Thus, if a call is made to a telephone number assigned to a cellular telephone service, such as in the present action, than that allegation is sufficient to assert a claim. A plaintiff could alternatively state a claim if his telephone number is assigned to any service for which the called party is charged. The Court agrees with Plaintiff's interpretation of this unambiguous statute. Because Plaintiff uses

---

[2] Any remaining facts required for Defendant to more specifically identify the text messages can be disclosed during discovery.

a cellular telephone service, he need not separately allege that he was charged for the call.

Finally, Defendant asserts that the TCPA is not suitable for class representation. Defendant relies upon a 1996 U.S. District Court decision from Pennsylvania, Fried v. Sungard Recovery Servs., 164 F.R.D. 405 (E.D. Pa. 1996).  However, that decision does not appear to mention the TCPA.  Defendant also asserts that other consumer protection statutes, such as the Fair Debt Collection Practices Act and the Truth in Lending Act, expressly provide for class actions and limit class recovery, while the TCPA is silent on class actions.  Plaintiff contends in opposition to this argument that the United States Supreme Court has held that if a statute is silent as to class actions, the there is a presumption that it is available in all civil actions in federal court.  Bateman v. American Multi-Cinema, Inc., 623 F.3d 708, 717 (9th Cir. 2010) (quoting Califano v. Yamasaki, 442 U.S. 682, 699-700 (1979)).  In addition, the Eleventh Circuit has implicitly approved TCPA class actions by remanding a class action to the district court in Penzer v. Transportation Ins. Co., 605 F.3d 1112, 1113-14 (11th Cir. 2010) (remand after the Florida Supreme Court answered a certified question that a commercial liability policy which covers "advertising injury" included coverage for alleged TCPA violations of unsolicited fax advertisements).  The Court therefore concludes that Defendant's motion should be denied in its entirety.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.      Defendant's Motion to Dismiss [DE 6] is hereby **DENIED**;

2.      Defendant shall file its Answer to the Complaint by May 18, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 4th day of May, 2012.

JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF