UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60171-CIV-COHN/SELTZER

BRANDON M. BUSLEPP, an individual,
on behalf of himself and all others
similarly situated,

        Plaintiff,

vs.

IMPROV MIAMI, INC.,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment [DE 32] ("Motion").  The Court has considered the Motion, Defendant's Response [DE 34], and Plaintiff's Reply [DE 37] and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Brandon Buslepp filed this proposed class action for violations of the Telephone Consumer Protection Act ("TCPA").  Plaintiff alleges that Defendant Improv Miami, Inc., which promotes and hosts events at its comedy nightclub located in Miami, sent unsolicited commercial text messages to potential customers using an automatic telephone dialing system and without prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).[1]  Plaintiff received an unwanted commercial text message from Defendant in December 2011.  Compl., ¶ 18.  The specific text language is recited in

---

[1] Count I alleges negligent violations of § 227(b)(1)(A)(iii), while Count II alleges willful violations of the same provision.

paragraph 18 of the Complaint. Plaintiff alleges that Defendant sent identical text messages to Plaintiff and other putative class members using an automatic telephone dialing system. Compl., ¶ 20. Plaintiff further asserts that each text message was sent from short code "82257," which is used by Defendant or its agents for marketing purposes to encourage recipients to purchase goods or services at Defendant's business. Id., ¶ 21. In his class-action allegations, Plaintiff claims that more than forty-one individuals are in the putative class. Id., ¶ 25. Plaintiff has not yet moved for certification of the class.

In the instant Motion, Plaintiff moves for summary judgment on his individual claims only. Defendant opposes the Motion, contending that Plaintiff has failed to establish the elements of a claim under the TCPA.

## II.  LEGAL STANDARDS

### A. Summary Judgment Motions

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts to the nonmoving party, who "must do more than simply show that there is some

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

### B. TCPA Claims

The TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States —
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice —
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). This TCPA provision also applies to text messages. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952-53 (9th Cir. 2009) (citing In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003)). In order to establish a violation of the TCPA, a plaintiff must demonstrate that a defendant called or texted a number assigned to a cellular telephone service using an automatic telephone dialing system ("ATDS"). See Breslow v. Wells Fargo Bank, N.A., – F.2d –, No. 11-22681, 2012 WL 1448444, at *3 (S.D. Fla. Apr. 26, 2012). The definition of an ATDS, as established by the Federal Communications Commission, includes equipment that has "the capacity to dial numbers without human intervention." See In re Rules and

3

Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd at 14092.  As will be described below, Plaintiff has failed to show that Defendant used an ATDS to text message him, and therefore the Court will deny the Motion.

### III. ANALYSIS

In attempting to establish that Defendant used an ATDS, Plaintiff points to the testimony of Defendant's Chief Operating Officer, Eric Bachkoff, that Defendant periodically sent out "mass [text] message[s]" to customers that had specifically signed up for such messages.  See Bachkoff Dep. [DE 32-5] (33:22).  Plaintiff also notes that Bachkoff stated that Defendant generally sent its texts to anywhere from twenty to fifty customers at a time, and that Defendant retrieved those numbers from its database of customers.  See Bachkoff Dep. (36:20-25, 7:4-15).  Finally, Plaintiff cites an unverified printout from the website of Pro Texting, Inc., the company which Defendant had hired to run its text message marketing campaign.  See Pl.'s Ex. C [DE 32-4].  On the web page dated April 24, 2012, there is a statement by someone — presumably a Pro Texting employee or manager — saying that Pro Texting sends an average of 100,000 text messages per month to Defendant's customers.  See Pl.'s Ex. C.

However, Plaintiff has failed to offer any direct evidence that Defendant used an ATDS in sending the subject text message to Plaintiff in December 2011.  Plaintiff seems to acknowledge this deficit, asserting that "Defendant can provide no evidence indicating that the text messages . . . were not send [sic] using an automatic telephone dialing system."  Pl.'s Statement of Material Facts, ¶ 16.  But this confuses the burden of proof: It is Plaintiff who must show, as an element of his claim, that Defendant used an ATDS in December 2011.  Defendant's storing customers' phone numbers in a

database, or sending out a text message to twenty or fifty customers, does not establish that Defendant used an ATDS.  Even the unverified claims made on Pro Texting's website only show that Defendant was engaged in a mass texting campaign, and only as of April 2012.  Such evidence sheds no light on the precise means by which Defendant sent a text to Plaintiff in December 2011.[2]  Therefore, there remains a disputed issue of fact as to whether Defendant employed an ATDS, which is an essential element of Plaintiff's TCPA claims.  Accordingly, the Court will deny the Motion.  Because this issue is dispositive of the Motion, the Court will not address the parties' remaining arguments.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 32] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of October, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[2]  Plaintiff cites Knutson v. Reply!, Inc., No. 10-cv-1267-BEN, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011), for the proposition that the Court could infer the use of an ATDS by looking at details about how the calls were made.  However, the Knutson court was ruling on a motion to dismiss, and the court noted "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery . . . ." Id.  Here, Plaintiff has had the benefit of discovery, and accordingly there is no reason to afford Plaintiff such an inference.